PER CURIAM.
We have for review the referee’s report and recommendation that The Florida Bar’s complaint against Michael A. Catalano be dismissed. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Bar filed a complaint for minor misconduct against Catalano, alleging that he violated Rule Regulating The Florida Bar 4-8.2(a) (making a false statement concerning the qualifications or integrity of a judge). Catalano filed an answer denying the allegations and a motion to dismiss the complaint. Catalano argued that the grievance committee that heard the matter did not have a proper quorum pursuant to Rule Regulating The Florida Bar 3-7.4(g)[1] because the members that actually voted did not include two lawyers.
After reading Catalano’s motion to dismiss and the Bar’s response and hearing argument from each party, the referee recommended that the complaint be dismissed and that no costs be taxed against either side. The referee made no findings of fact regarding Catalano’s alleged minor misconduct. The Bar has petitioned for review of the referee’s recommendation of dismissal.
The referee’s report, which is supported by the record, reveals the following facts regarding the grievance committee that heard the complaint against Catalano: The five committee members in attendance included two lawyers and three non-lawyers. One of the lawyers was the investigating member for the committee and, as specified in rule 3-7.4(g), did not participate in the probable cause vote. The four voting members (three non-lawyers and one lawyer) found that the evidence supported a finding of minor misconduct and recommended that the Board of Governors admonish Catalano.
The referee determined that, as used in rule 3-7.4(g), the word “consider” means “to judge.” Thus, the referee concluded that the misconduct charge against Catalano was only considered by one lawyer, in violation of the procedures outlined by rule 3-7.4(g).
We agree with the referee’s interpretation of the rule and approve his recommendation that the complaint against Catalano be dismissed.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., recused.

. Rule Regulating The Florida Bar 3-7.4 specifies the grievance committee procedures. Subsection (g), which is entitled "Quorum, Vote,” provides:
Three members of the committee, 2 of whom must be lawyers, shall constitute a quorum. The grievance committee may consider cases in panels of not fewer than 3 members, 2 of whom must be lawyers. Consideration of matters by a panel of 3 members shall only be conducted upon concurrence of the designated reviewer and the chair of the grievance committee. The 3-member panel shall elect 1 of its lawyer members to preside over the panel's actions. If the chair or vice-chair is a member of a 3-member panel, the chair or vice-chair shall be the presiding officer. All findings of probable cause and recommendations of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee members present, which majority must number at least 2 members. The number of committee members voting for or against the committee report shall be reflected in the transcript. Minority reports may be filed. A lawyer grievance committee member may not vote on the disposition of any matter in which that member served as the investigating member of the committee.